# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DWIGHT R. MCDOWELL,**

        **Plaintiff,**

**-vs-**                                               **Case No. 6:08-cv-1846-Orl-28DAB**

**UNITED SERVICES CO., MARIA VICTORIA BETANCOURT, PABLO A. MALANGA,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 1)**
>
> **FILED:**     **October 30, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

In order to proceed *pro se*, Plaintiff must allege a non frivolous cause of action within the limited jurisdiction of the federal courts. Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless "without arguable merit." *Sun v. Forrester*, 939

F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (quoting *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)).  To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).  A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007).

Here, Plaintiff has filed a complaint which purports to state a cause of action for 1) wrongful discharge, 2) individual disparate treatment discrimination on the basis of National Origin in violation of the Civil Rights Act, 42 USCA Section 2000e, 3) wrongful retention and employment of illegal aliens in the United States, and 4) racketeering and unlawful employment practices in the United States in violation of Title VII of the Civil Rights Act (Doc. No. 1 at 1-2).  The complaint, as pled, fails to state a cognizable cause of action within the limited jurisdiction of this court.

Although not pled specifically, jurisdiction appears to be based on federal question jurisdiction.  To the extent that Plaintiff is attempting to assert a discrimination claim, however, filing a charge of discrimination with the EEOC[1] is a condition precedent to bringing a civil action under Title VII. 42 U.S.C. § 2000e-5. *See Love v. Pullman Co.*, 404 U.S. 522, 523, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972) ("A person claiming to be aggrieved by a violation of Title VII of the Civil Rights Act of 1964 ... may not maintain a suit for redress in federal district court until he has first unsuccessfully pursued certain avenues of potential administrative relief."); *Maynard v. Pneumatic Products Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001).  As the complaint does not allege that Plaintiff has filed a

---

[1]Equal Employment Opportunity Commission.

charge with the appropriate agency and exhausted his administrative remedy, as required, the complaint, to the extent it seeks redress under the Civil Rights Act, cannot stand.

The Complaint also seeks redress for "negligent employment & retention" (Count II) and "intentional infliction of physical and emotional distress as a result of defendants' arbitrary, capricious, and unlawful conduct in discharging Plaintiff in violation of the due process and equal protection clauses of the Fourteenth Amendment of the USA Constitution" (Count V).

To the extent these are state law claims, Plaintiff has not established diversity jurisdiction. Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants. *Owen Equip. and Recreation Co. v. Kroger,* 437 U.S. 365, 373 (1978). In order to achieve "complete diversity" no party plaintiff may be a citizen of the same state as any of the defendants. *Owen Equipment,* 437 U.S. at 373. A corporation is a citizen of (1) its state of incorporation; and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Here, Plaintiff alleges that he "resides" in Orlando and that the corporate defendant is a "foreign" corporation "doing business in the state of Florida." Absent more specific allegations, it appears that the corporation has its principal place of business in the state, thus destroying diversity.

To the extent Plaintiff is attempting to assert a cause of action under the Fourteenth Amendment of the United States Constitution, he has not stated a viable federal cause of action against private defendants acting in their private capacities. As the United States Supreme Court has noted: "The fourteenth amendment prohibits a state from depriving any person of life, liberty, or property, without due process of law; but this adds nothing to the rights of one citizen as against another. It simply furnishes an additional guaranty against any encroachment by the States upon the fundamental rights which belong to every citizen as a member of society" *United States v.*

*Cruikshank,* 92 U.S. 542, 554, 23 L.Ed. 588 (1875). As Plaintiff does not allege any state action, no federal question is presented.

As the complaint does not plead any cause of action within the Court's limited jurisdiction, the motion to proceed as a pauper should not be granted. It is therefore **respectfully recommended** that the motion be **denied, without prejudice** to renewal upon the filing of an Amended Complaint setting forth some claim within the limited jurisdiction of this Court. Any such amendment must meet the requirements of Rule 8 of the Federal Rules of Civil Procedure that the complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief" within 11 days from the date of any Order adopting or affirming this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 5, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy